UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GERALD T. MANN and
LAUREL MANN, both individually
and in their capacities as trustees of the
NAZARETH SECURITY TRUST,

        Defendants.
_____/

CASE NO. 1:07-CV-260

HON. ROBERT J. JONKER

## **OPINION AND ORDER**

This matter is before the Court on the United States' Motion for Summary Judgment against Defendants Gerald T. Mann and Laurel Mann, both individually and in their capacities as trustees of the Nazareth Security Trust (docket # 68). In their capacities as trustees of the Nazareth Security Trust, the Manns are already in default (docket # 63). Moreover, Laurel Mann has filed no response at all to Plaintiff's motion, and Gerald Mann has filed no substantive response. Instead, he has filed or attempted to file incomprehensible and immaterial papers that fail to point out any error of fact or law in Plaintiff's moving papers (docket ## 69 and 72). The matter is ripe for decision without further briefing or argument.

**Background**

Mr. Mann filed federal income tax returns for the tax years 1993–99 in 2002 and early 2003, well after they were due. Based upon the returns he filed, the IRS made assessments of unpaid

federal income tax against Mr. Mann for the tax years 1993–99.  Despite notice of the assessments and demand for their payment, Mr. Mann has not paid these liabilities in full.  According to the IRS, Mr. Mann is indebted to the United States in the amount of $1,383,862.03, plus statutory accruals from June 30, 2008.  In support of its claim, the government has filed, among other things, certificates of payment and assessment against Mr. Mann for the tax years 1993-99, and the sworn declaration of Melissa Echols, a Revenue Officer Advisor employed by the IRS.  Neither Mr. nor Mrs. Mann has contested the government's claims concerning the tax liabilities, or the government's tax lien.

The United States seeks two basic forms of relief at this time.  First, the Untied States requests a judgment that Mr. Mann is liable for the specified unpaid income taxes for the tax years 1993–99, plus statutory accruals until paid.  Second, the United States seeks to foreclose its liens connected to these liabilities against the interests of Mr. and Mrs. Mann, and the Nazareth Security Trust (if any), in the real property located at 316 Margaret Street, East Lansing, Michigan  48823 (the "Margaret Property").  The Margaret Property is, or at one time was, the marital residence of the Manns.  Whether the property is currently held by the Manns as Trustees, as entireties property, as joint tenants, or in some other fashion is not directly at issue on the pending motion.

### Legal Standard

Summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Parks v. LaFace Records*, 329 F.3d 437, 444 (6th Cir. 2003) (citing FED. R. CIV. P. 56(c)).  A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, the

Court views the evidence and draws all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But that does not mean that any amount of evidence, no matter how small, will save a nonmoving party from losing on a motion for summary judgment. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007). When the nonmoving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## Discussion

The facts material to the government's motion for judgment against Mr. Mann are undisputed. The government has satisfactorily demonstrated Mr. Mann's tax liabilities for the tax years 1993–99. *See Gentry v. United States of America*, 962 F.2d 555, 557 (6th Cir. 1992) ("Certificates of assessment and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made.") Mr. Mann has submitted no evidence contradicting the government's claims. Accordingly, the Court will grant the government's motion for summary judgment reducing the tax assessments of $1,383,862.03 to judgment against Mr. Mann. The judgment will include statutory accruals from July 30, 2008, until paid.

The facts related to the Plaintiff's motion for foreclosure of tax liens against the interests of the Manns, individually, and of the Manns as Trustees of the Nazareth Security in the Margaret Property are also beyond genuine dispute to the extent they support the right of Plaintiff to proceed against whatever interest Mr. Mann has in the Margaret Property. The Manns originally owned the property in their own names. They later actually conveyed or attempted to convey their interest in

that Margaret Property to the Nazareth Security Trust (and possibly other nominees as well). The undisputed record demonstrates that Mr. Mann was the driving force behind any and all such transfer.

Based on this record, the Court has no doubt that the United States has an enforceable tax lien against the interests of Mr. Mann no matter how many nominees he used to hide his interest in the Margaret Property. The Court does not believe this resolves the entire matter, however. The Margaret Property was at least at one time held by the Manns individually as husband and wife, and presumptively as tenants by the entireties. An analysis of the respective interests of the Manns under *U.S. v. Craft*, 535 U.S. 274 (2002) may be necessary, and the government's motion does not directly address this. It's complaint does, however, in requesting the proper allocation of sale proceeds among the interests of the parties including in particular, the possible entireties interest of Mrs. Mann, which remains to be determined following judicial sale. (Complaint, docket # 1 at Request for Relief E). Moreover, whether and how the Plaintiff may proceed against the Margaret Property, which appears to be the principal residence of the Manns, is a matter of some delicacy wholly apart from the entireties issue. *See* 26 U.S.C. § 6334(e).

The Court will address the appropriate next steps in this case at the time presently scheduled for the final pretrial conference. The trial currently scheduled to being on November 25, 2008, is adjourned without date.

**IT IS SO ORDERED**.

Dated:   October 27, 2008            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE